# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:18cr101 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LINDA FERRIS, | : | |
|         **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Defendant Linda Ferris's motion to dismiss the indictment with prejudice based upon an alleged violation of the Speedy Trial Act. The matter has been fully briefed and is ripe for disposition.

**Background**

On February 15, 2017, the government charged Defendant Linda Ferris with one count of making false claims under oath during a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). The criminal information was filed to docket number 3:17-CR-37. The defendant agreed to plead guilty to the charge before Magistrate Judge Karoline Mehalchick. During the guilty plea colloquy, however, Magistrate Judge Mehalchick rejected the defendant's plea, finding that the defendant was not prepared to fully admit guilt to the charge. On March 20, 2017, the defendant was placed on conditions of release, and the case remained opened.

One year later, the government filed an indictment against the defendant, charging her with making false claims under oath during a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2) and concealment of assets, in violation of 18 U.S.C. § 152(1). This indictment, however, was not filed as part of the 2017 case. Rather, this indictment was erroneously filed to a new docket number, 3:18-CR-101.

Due to the erroneous duplicate filings, the government has since moved to dismiss the criminal information docketed to 3:17-CR-37. The court will grant the unopposed motion by separate order and that case will be closed.

The defendant now moves to dismiss the indictment filed in 3:18-CR-101 for violation of the Speedy Trial Act. (Doc. 13). This motion has been fully briefed, and is ripe for disposition.

**Discussion**

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

If a defendant is not brought to trial within this time period, "the information or indictment shall be dismissed on motion of the defendant. The defendant . . .

2

[has] the burden of proof supporting such motion but the Government. . . [has] the burden of going forward with the evidence in connection with any exclusion of time…" 18 U.S.C. § 3162(a)(2). If the court finds that the defendant's Speedy Trial rights were in fact violated, it then must decide whether to dismiss the case with or without prejudice. Id.

In the instant case, the government concedes that the defendant's Speedy Trial rights have been violated, and does not oppose dismissal of the indictment pursuant to 18 U.S.C. § 3162(a)(2). (Doc. 20, Br. in Opp'n. at 2). Thus, our sole remaining issue is whether such dismissal will be with or without prejudice.

The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other. See 18 U.S.C. § 3162(a)(2); United States v. Taylor, 487 U.S. 326, 334 (1988). The Act does, however, provide three factors for us to consider. The factors are: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; [3] and the impact of a reprosecution on the administration of this chapter and the administration of justice." 18 U.S.C. § 3162(a)(2). With regard to such dismissal, the Third Circuit Court of Appeals has explained: "we would anticipate that no criminal proceeding would be dismissed with prejudice without the court having considered and balanced the length of

3

delay, the reasons for the delay and the prejudice from the delay to the defendant" Gov't of Virgin Islands v. Bryan, 818 F.2d 1069, 1076 (3d Cir. 1987).

As such, we first we consider the seriousness of the charges. Here, the indictment contains two charges. The first charges the defendant with making false claims during a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). The second charges the defendant with concealment of assets, in violation of 18 U.S.C. § 152(1). The government contends that because, in the event of conviction, the defendant faces a maximum of five years imprisonment and a $250,000 fine, these are serious charges. The government directs our attention to United States v. Howard, 218 F.3d 556, 561 (6th Cir. 2000), which it argues stands for the proposition that we should look to the length of the sentence to determine the seriousness of the offense.

The defendant contends that the Howard case actually lends itself to the conclusion that the defendant is not facing "serious charges." In Howard, the defendant was charged with aggravated sexual assault and first-degree wanton endangerment based on an attack that took place on federal property. Id. at 559. The aggravated sexual assault charge alone carried a maximum sentence of life imprisonment. Id. The court concluded that because the defendant was facing such a significant sentence, the charges were obviously serious. In fact, the defendant himself did not contest the seriousness of the charges in Howard. In

4

contrast, the defendant here faces a maximum sentence of five years imprisonment and a $250,000 fine for a nonviolent crime. As noted by the defendant, the guidelines for these offenses would likely be significantly lower given that the bankruptcy petition that led to the charges in this case was filed over five years ago, and ultimately the defendant's debts were not discharged. In her bankruptcy petition, the defendant allegedly made a false statement regarding a secured claim against property she owned. Since the filing of the bankruptcy petition, the defendant has relinquished her right to the property at issue, the bankruptcy trustee obtained the rights to the property, and the bankruptcy trustee sold the property and used the proceeds to pay off creditors. (Doc. 24, Exh. A, Report of Private Sale of Real Property). For these reasons, we agree with the defendant that making false claims during a bankruptcy proceeding and the concealment of assets are not categorically "serious charges" for the purposes of the Speedy Trial Act. Therefore, under the facts of this case, the "seriousness" of her charges weigh in favor of dismissal with prejudice.

Next, we must consider the facts and circumstances which led to the dismissal. 18 U.S.C. § 3162(a)(2). We note that the government, despite having written two separate briefs in opposition to the defendant's motion, has not provided a single reason for the Speedy Trial Act violation. The government

contends that its failure was unintentional and isolated, and not a pattern of neglect. We disagree. One full year passed with no activity between the defendant's last appearance before Magistrate Judge Mehalchick and the time the present indictment was filed. No judicial proceedings or motions were outstanding during this period of 365 days. With no legitimate reason for the delay, we find this to be negligence on the part of the government. Consideration of this factor also weighs in favor of dismissal with prejudice.

The final factor that we must consider is the impact of reprosecution on the Speedy Trial Act and the administration of justice. The United States Supreme Court encourages district courts to "take seriously their responsibility to consider the "impact of a reprosecution on the administration" of justice. . ." United States v. Taylor, 487 U.S. 326, 342 (1988). Dismissal with prejudice "always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." Id. Of course, dismissal with prejudice is not required for every violation. Rather, district courts are encouraged to consider the impact of a reprosecution in conjunction with the other factors identified in §3612(a).

Defendant Ferris does not appear to have suffered actual prejudice as a result of the government's delay. The longer the delay, however, the greater is the presumptive prejudice to the defendant, in terms of her ability to prepare for

trial or the restrictions on her liberty. Id. at 340. "[I]nordinate delay between public charge and trial, ... wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' " Taylor, 487 U.S. at 340 (quoting Barker v. Wingo, 407 U.S. 514, 537 (1972)). The defendant here has alleged that the criminal prosecution has caused her severe depression and anxiety. (Doc. 24, Def.'s Reply Br. at 4). She also suffers from physical health conditions, some of which she attributes to the stress of these criminal proceedings. (Id.)  While the defendant was not incarcerated during this period of time, she was subject to conditions of release which affected her freedom. (Id.)

We find that the allegations by the defendant regarding the impact of these charges in conjunction with the one year delay create a presumption of prejudice to the defendant. See Doggett v. U.S., 505 U.S. 647, 652 n. 1 (1992) ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year.").  Thus, we find that allowing a reprosecution would not best serve the purpose of the Speedy Trial Act and the administration of justice.

7

**Conclusion**

     Because we have concluded that the defendant is not facing "serious charges" as they pertain to the Speedy Trial Act, the government has not provided any reason for the year long delay, and that allowing a reprosecution would not best serve the administration of justice, we find that the factors weigh in favor of dismissal with prejudice. An appropriate order follows.

**BY THE COURT:**

**Date: October 17, 2018**

**s/ James M. Munley_____**
**JUDGE JAMES M. MUNLEY**
**United States District Judge**