## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:18cr101 |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LINDA FERRIS,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition is the government's motion for reconsideration. The government's motion challenges the court's October 17, 2018 Order (Doc. 28) granting Defendant Linda Ferris's motion to dismiss the indictment against her with prejudice based upon a violation of the Speedy Trial Act. For the following reasons, we will deny the government's motion.

**Background**

On February 15, 2017, the government charged Defendant Linda Ferris with one count of making false claims under oath during a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). The criminal information was filed to docket number 3:17-CR-37. The defendant agreed to plead guilty to the charge before Magistrate Judge Karoline Mehalchick. During the guilty plea colloquy, however, Magistrate Judge Mehalchick rejected the defendant's plea, finding that the defendant was not prepared to fully admit guilt to the charge. On

March 20, 2017, the defendant was placed on conditions of release, and the case remained open.

One year later, the government filed an indictment against the defendant, charging her with making false claims under oath during a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2) and concealment of assets, in violation of 18 U.S.C. § 152(1). This indictment concerned the same conduct and bankruptcy as the previous criminal information, but it was not filed as part of the 2017 case. Rather, this indictment was erroneously filed to a new docket number, 3:18-CR-101. Due to the erroneous duplicate filings, the government moved to dismiss the criminal information docketed to 3:17-CR-37. We closed 3:17-CR-37 on October 17, 2018. (Doc. 18).

Meanwhile, on April 27, 2018, the defendant moved to dismiss the indictment against her in the instant case, 3:18-CR-101, alleging a violation of the Speedy Trial Act. (Doc. 13). The government, by and through Assistant United States Attorney Evan Gotlob, **agreed to the dismissal**. (Doc. 20 at 2). As such, on October 17, 2018, we issued an order dismissing the indictment with prejudice and closing the case against Defendant Ferris. (Doc. 28).

Before the court is a motion by the government, presently represented by Assistant United States Attorney Robert O'Hara, for reconsideration of the court's October 17, 2018, Order dismissing the case. The government now argues that

Attorney Gotlob erred in agreeing to the dismissal, and that the charge of Concealment of Assets which was contained in Count 2 of the indictment should be reinstated.  The defendant opposes this motion, arguing that the government is not entitled to reconsideration.

**Standard of Review**

The government seeks reconsideration of the court's October 17, 2018, Order granting the defendant's motion to dismiss for violation of the Speedy Trial Act. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985); Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle merely to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**Discussion**

The government's instant motion for reconsideration is not based on an intervening change in controlling law or on new evidence not previously available. Rather, the government implies that there is a need to correct a clear error of law. Specifically, the government contends that Attorney Gotlob, counsel representing the government at the time defendant filed her motion to dismiss, **erroneously conceded** that the indictment should be dismissed. New counsel for the government now attempts to rescind the concession made by Attorney Gotlob, arguing that Attorney Gotlob's concession was contrary to Third Circuit caselaw which would establish that the Speedy Trial clock did not expire for Count 2, Concealment of Assets.

The time for such recision, however, if one ever existed, has clearly passed. Based on the defendant's motion for dismissal **and subsequent agreement by the government**, we dismissed the indictment. As the government contends that the defendant "should not be rewarded for breaching . . . her . . . agreement by being allowed to escape responsibility," (Doc. 30 at 10), the government must also be held to a standard of accountability for its agreement of dismissal for violation of the Speedy Trial Act. (See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for reconsideration may not be used to give a dissatisfied party a chance to change

theories and try again). As such, we will not reinstate the charges in the indictment.

Alternatively, the government argues that we should reconsider our decision to dismiss the indictment with prejudice, and instead dismiss Count 2 - Concealment of Assets without prejudice. In support, the government reasserts its argument that previous government counsel's agreement to dismissal was erroneous, as the Speedy Trial clock had not yet expired on Count 2.

Once again, this request for reconsideration is not based on an intervening change in controlling law or on new evidence not previously available. Instead, the government appears to again base its motion for reconsideration on the need to correct a clear error of law. A finding of clear error, however, requires a " '... definite and firm conviction that a mistake has been committed.' " Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). In order to show clear error or manifest injustice, the government must base its motion on arguments that were previously raised but were overlooked by the court. Rottmund v. Continental Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992). Here, the government had the opportunity to argue against dismissal of the indictment based on a theory that the Speedy Trial clock did not expire on Count 2, yet it did not.

Furthermore, as we noted in our memorandum accompanying our order of dismissal, we considered three factors in determining to dismiss the indictment with prejudice: ""[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; [3] and the impact of a reprosecution on the administration of this chapter and the administration of justice." (Doc. 27 at 3) (citing 18 U.S.C. § 3162(a)(2)). After careful consideration, we found that: making false claims during a bankruptcy proceeding and the concealment of assets are not categorically "serious charges" for the purposes of the Speedy Trial Act; although it agreed that the Speedy Trial clock had been violated, the government provided no reason for the delay in judicial proceedings; and, the impact that the charges had on the defendant—Defendant Ferris alleged that the criminal prosecution had caused her severe depression and anxiety as well as physical health conditions—in conjunction with the impact of a reprosecution would not best serve the administrative of justice. The government has not presented an argument that our evaluation of these factors was a clear error of law. As such, we decline to reconsider our decision dismissing the indictment with prejudice.

**Conclusion**

      The government's motion for reconsideration will be denied. An appropriate order follows.

                                             **BY THE COURT:**

**Date: October 26, 2018**          **s/ James M. Munley**
                                           **JUDGE JAMES M. MUNLEY**
                                         **United States District Judge**